**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRACIANO GARCIA BECERRIL,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 21-70545<br><br>Agency No.<br>A216-266-118<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2026[**]
Pasadena, California

Before: FORREST, DESAI, and DE ALBA, Circuit Judges.

Petitioner Graciano Garcia Becerril, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an

immigration judge's ("IJ") denial of his applications for protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT") and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's denial of Petitioner's CAT claim because Petitioner failed to establish it is more likely than not that he will be tortured by or with the consent or acquiescence of the Mexican government if removed. 8 C.F.R. §§ 1208.16(c), 1208.18(a)(1). Petitioner argues the IJ should have granted CAT protection because Petitioner is likely to be tortured "given the horrific social conditions in [Mexico] and the violence already perpetrated against him." Neither fact undermines the agency's decision.

First, Petitioner has not had contact with the cousin who tried to recruit him into a gang in over 30 years, and Petitioner's family in Mexico does not know the cousin's whereabouts. That record does not compel finding Petitioner would be individually targeted by gang members. *See Cruz v. Bondi*, 146 F.4th 730, 738 (9th Cir. 2025) (finding no likelihood of future torture where "over 14 years have elapsed since the last direct incident with the cartel"); *see also Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022).

Second, nothing in the record compels the conclusion that the Mexican government or public officials would acquiesce to his potential torture. Petitioner argues "[e]vidence that police officials were corrupt, and worked on behalf of criminals or gangsters, may establish that the government has acquiesced in

criminal activities," and provided about 35 pages of country condition information and news articles regarding Mexico's crime issues in support of this argument. Yet, "Petitioner['s] generalized evidence of violence and crime in Mexico is not particular to Petitioner[] and is insufficient to meet [the CAT] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (citation modified).[1]

2.  We reject Petitioner's request to remand for the potential exercise of prosecutorial discretion, as we lack jurisdiction to direct the Government to consider an exercise of prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION DENIED.**

---

[1] Petitioner forfeited any challenge to the denial of cancellation of removal in his appeal to this court. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020). Therefore, we do not reach that issue.